Roane J.
The District Court did right in reversing the second judgment of the County Court, and by doing so, it in effect affirmed the first judgment of that Court. Against that judgment it is objected, that a copy of the original judgment ought not to have been given in evidence. It is certainly a well established rule in England, that upon the plea of no such record, if the record be of the same Court it ought to be inspected, and it is not sufficient to produce a copy in evidence. I do not know that in this country, that rule has ever been changed, nor do I think it ought to be. There are many imperfections in the record^ but as I am clear that the judgment of the District Court, which affirmed the first judgment of the County Court, is wrong, and must for that*reason be reversed, it is unnecessary to take notice of any other error.
Carrington J. — I concur in the opinion just delivered. Although it has been common in this coun *278 try to give copies of judgments in evidence, because the practice has never been controverted, yet I am clear that the record itself, where it is of the same Court, should be inspected.
Lyons J. — It was irregular in the Court to try the plea of payment, before it had been established whether there was such a record as the one set forth in the pleadings. I agree with the other Judges, that where the record is of the same Court, it is not proper upon a plea of “ no such record,” to give a copy in evidence. The record itself should be inspected; if there be a variance, the minute book may be resorted to, if it be of the same Court; if of another Court there should be a full and complete record produced. Whether in this latter case, the seal of the Court should be annexed I will not say, as many Courts have no seals, though they are required by law to provide them.
There are many other errors in this record. The judgment should have been against both executors, although the scire facias was made known to only one of them ; but the costs in that case should have been awarded against him only who appeared and pleaded. The County Court were also wrong in reversing at a subsequent Court, the judgment they had given at a former one. But as the Court, are agreed upon the point of evidence, it will be unnecessary to give any opinion upon any other part of the record.
Judgment of the District Court reversed with costs, “ to be levied of the goods and chattels of the testator William, in the hands of the appellees to be administered, if so much, Sec., but if not, then of their proper goods and chattels. And the Court proceeding to give such judgment as the said District Court ought to have given, is of opinion, that the said John Burk having pleaded, that there was not any such record of the judgment as set forth, and supposed in the writ of scire facias in the proceedings mentioned, and the record denied by the said plea being the re *279 cord of the said County Court of Caroline, as the appellees, in replying said they were ready to verify by the records of the said Court, the copy of the record of the said judgment, in the bill of exceptions mentioned, ought not to have been allowed to go in evidence to the jury, on the trial of the issue, but that the original record ought to have been produced in Court for inspection, and that the judgment of the said County Court is erroneous.”
Judgment of the County Court reversed, with costs of the appeal in the District Court to be levied of the goods and chattels of the testator Henry in the hands of the appellant to be administered, if so much thereof he hath. Verdict set aside and a new trial awarded.([1])

(1) Digges’s ex. v. Dunns’ ex. 1 Munf. 59.